1  Robert Ahdoot (SBN 172098)
   rahdoot@ahdootwolfson.com
2  Tina Wolfson (SBN 174806)
   twolfson@ahdootwolfson.com
3  Christopher E. Stiner (SBN 276033)
   cstiner@ahdootwolfson.com
4  Deborah De Villa (SBN 312564)
   ddevilla@ahdootwolfson.com
5  **AHDOOT & WOLFSON, PC**
   2600 W. Olive Avenue, Suite 500
6  Burbank, CA 91505
7  Telephone: (310) 474-9111
   Facsimile: (310) 474-8585
8
   *Attorneys for Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| DALE LONG, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY, an Ohio corporation; and DOES 1 through 100,<br><br>Defendants. | Case No. 3:24-cv-02063-MMC<br><br>**AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>Judge: Maxine M. Chesney<br>Ctrm: 7 |

Plaintiff Dale Long ("Plaintiff"), on behalf of himself and all other persons similarly situated, files this Amended Class Action Complaint against Defendants Nationwide Mutual Insurance Company ("Nationwide") and Does 1 through 100 ("Doe Defendants") (Nationwide and Doe Defendants are collectively referred to herein as the "Defendants") and for this complaint, alleges upon information and belief, and based on the investigation, to date, of his counsel, as follows:

**INTRODUCTION**

1. This is a class action brought for the benefit and protection of Plaintiff, and all other similarly situated consumers who are residents of California and who have visited, used, or completed transactions through Defendants' website and mobile application, including but not limited to nationwide.com (collectively referred to herein as the "Platforms").

2. By way of this action, Plaintiff, and all others similarly situated, seek civil penalties, damages, injunctive relief, public injunctive relief, and other relief necessitated by Defendants' unlawful and unfair actions in violation of California Civil Code section 1670.8. Plaintiff, on behalf of himself and all others similarly situated, seeks an order permanently enjoining Defendants from engaging in these ongoing unlawful and unfair practices, and civil penalties and damages available under California law.

3. Because of the current power of the internet and social media platforms to publicize a company's offerings of goods or services—and the potential harm to corporate interests when negative consumer statements "go viral"—Defendants have a significant incentive to minimize the negative publicity they receive, including in the form of negative online reviews and comments. Some companies have gone so far as to attempt to prohibit customers and potential customers from making negative statements about the goods or services they offer, to the detriment of consumers, potential consumers, and the public of the State of California. Fortunately, California Civil Code section 1670.8 was enacted to protect the right of California consumers to voice their opinions, observations, and experiences about the products and services delivered or offered to California consumers, as well as the citizens of the State of California. The California Legislature reasonably and correctly determined that such freedom is important to keep the public informed and keep large

corporations honest about the quality of the goods or services they offer to consumers.

4. As stated by former Speaker of the California State Assembly (and the author of Assembly Bill 2365 codified as California Civil Code section 1670.8), John A. Perez: "[C]onsumers should not unknowingly or unwillingly give up this right to speak freely about their online retail experience." Such clauses "go beyond an embargo on business-oriented 'trade secrets,' but instead represent an unreasonable limitation on individual freedom." Thus, the California Legislature correctly determined that the freedom of speech and expression is especially important in the consumer context to keep the public informed and hold corporations accountable for the quality of the goods or services offered. Section 1670.8(a) specifically provides that:

> (1) A contract or proposed contract for the sale or lease of consumer goods or services may not include a provision waiving the consumer's right to make any statement regarding the seller or lessor or its employees or agents, or concerning the goods or services.
>
> (2) It shall be unlawful to threaten or to seek to enforce a provision made unlawful under this section, or to otherwise penalize a consumer for making any statement protected under this section.

In addition to the plain language of the statute, California's official Senate Judiciary Committee legislative history specifically establishes that a violation of either Civil Code section 1670.8(a)(1) or section 1670.8(a)(2) alone is unlawful—"[T]he bill would **also** [i.e., in addition to making it unlawful to include an offending provision] make it unlawful for a party to threaten or seek to enforce a provision in violation of the above"). (emphasis added). The "proposed contract" term of 1670.8 underscores that a "proposed contract" with offending terms did not have to be a consummated final "contract." The public policy of 1670.8 is to cause companies conducting business in California to refrain from even offering a "proposed contract" with a provision limiting the right of a consumer or potential consumer from making "any statement" regarding the offending company, its employees or agents, or concerning goods or services. As such, the mere fact that a "proposed contract" had offending terms is sufficient to be a violation of 1670.8, and as such, threats of enforcement, although such threats are alleged to have been made in this case, are not a

2

necessary element.

5. As a precondition to using and benefitting from Defendants' Platforms, visitors and users of the Platforms are informed that they must agree to Defendants' Terms and Conditions of Use ("Terms"). Nationwide's Terms are far reaching, in that they require all those who "access" the website to agree to the Terms.[1]

6. While conducting substantial business with California consumers, the Terms Defendants impose upon customers and prospective customers of Defendants clearly violate Section 1670.8. Pursuant to the Terms that Defendants impose upon their customers for the privilege of accessing the goods and/or services offered and promoted on the Platforms, Defendants prohibit users from mentioning Nationwide or any of its trademarked brand names "unless first approved in writing."[2] This chilling activity is the precise conduct prohibited by Section 1670.8.

7. Defendants' conduct is unlawful, including among other reasons, because it is aimed to stifle California consumers' right to free speech, and the right of the California public to hear lawful discourse. Defendants' strong-arm tactics to silence injured parties were and continue to be intentionally exercised to protect Defendants' self-promoting public image for commercial and other benefits. Defendants' unlawful business practices, purposefully designed to maintain and increase their consumers and prop up their stock price, all while denying the public, consumers, and potential consumers accurate information so that they may make informed decisions as consumers.

8. By way of these provisions, Defendants seek to have users waive their right as consumers to make negative statements regarding Defendants or their employees, agents, goods or services, and further threaten to penalize consumers for making such statements. These unlawful restrictions—imposed by Defendants against their own customers and prospective customers—are an important component of Defendants' business strategy, which relies upon the popularity of their product offerings nationwide to generate significant revenues and profits. But Defendants' efforts

---

[1] *Terms and Conditions of Use*, NATIONWIDE (2016), available at https://www.nationwide.com/personal/about-us/terms-conditions (last accessed on June 27, 2024).
[2] *Id.*

to silence their customers and prospective customers are clearly prohibited by California law, thereby subjecting Defendants to significant penalties, as described herein.

## JURISDICTION AND VENUE

9. California courts have jurisdiction over the claims and causes of action asserted herein because such claims arise solely and specifically out of Defendants' unlawful business practices within the State of California, and relate to at least one statute—California Civil Code section 1670.8—that was designed to protect California's citizens, the application of which is exclusively a matter for the courts of this State.

10. California courts further have jurisdiction over all Defendants because each defendant is either a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

11. Venue is proper in Alameda County because: Defendants transact business in California and in the County of Alameda based on Plaintiff's use of the Platforms in this County; Defendants have committed unlawful acts in the County by and through the Platforms and associated business transactions within the County; and a substantial part of the events giving rise to the claims alleged herein occurred in this County, where at least one of the Plaintiff resides. Additionally, on the issue of a public injunction to protect the right of all Californians' right to hear the comments of consumers making statements about Defendants' goods or services, as well as the right of California consumers to make any such statement, per California Civil Code section 1670.8 (which expressly cites "public policy" interests), comity and related legal authorities suggest that the venue of the Court be situated in the State of California.

12. Defendants removed this Action to this Court, and, as a result, bear the burden to prove that this Court has jurisdiction to adjudicate the claims asserted herein, including the issue of whether Plaintiff has Article III standing sufficient to seek redress in this Court.

## THE PARTIES

*Plaintiff Dale Long*

13. At all relevant times, Plaintiff Dale Long was and has been a citizen of the State of California and resident of Oakland.

14. Plaintiff Long is an individual who accessed, used, and completed transactions on the Platforms within the applicable statute of limitations period in the State of California.

*Defendants*

15. Defendant Nationwide is an Ohio corporation with its principal place of business in Columbus, Ohio. Nationwide describes itself as "one of the largest insurance and financial services companies in the world."[3]

16. The true names and/or capacities, whether individual, corporate, partnership, associate, governmental, or otherwise, of the Doe Defendants, inclusive, and each of them, are unknown to Plaintiff at this time, who therefore sues said Doe Defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges, that each defendant designated herein as a Doe Defendant caused injuries and damages proximately thereby to Plaintiff as hereafter alleged, and that each Doe Defendant is liable to Plaintiff for the acts and omissions alleged herein below, and the resulting injuries to Plaintiff, and damages sustained by Plaintiff. Plaintiff will amend this Complaint to allege the true names and capacities of said Doe Defendants when that same is ascertained.

## FACTS COMMON TO ALL CLASS MEMBERS

**California Civil Code Section 1670.8**

17. Under Article I, Section 2 of the California Constitution, "every person may freely speak, write, and publish his or her sentiments on all subjects, being responsible for the abuse of this right."

18. Between 2013 and 2014, the California Legislature became increasingly aware of corporations adding speech-restricting clauses in form contracts, barring consumers from making

---

[3] *Company Overview*, NATIONWIDE, available at: https://www.nationwide.com/personal/about-us/company-overview/ (last accessed on June 27, 2024).

truthful public postings on the internet and various social media platforms about sellers of consumer goods and services.

19. Accordingly, the California Legislature proposed Assembly Bill 2365, which "provides that a contract or proposed contract for the sale or lease of consumer goods or services is unlawful if it includes a provision requiring the consumer to waive his or her right to make any statement regarding the consumer's experience with the seller or lessor of consumer goods or services." "[A]ny person who violates this bill shall, as proposed to be amended, be subject to a civil penalty of up to $2,500 for the first violation and $5,000 for each subsequent violation, to be assessed and collected in a civil action brought by the consumer, by the Attorney General, or by the district attorney of the county or city in which the violation occurred." Any civil penalty assessed "shall be payable, as appropriate to the consumer or the general fund of whichever governmental entity brought the action to assess the civil penalty."

20. The presenter of the bill, former Speaker of the California State Assembly, John A. Pérez, commented during the Assembly Committee Hearing on April 22, 2014, that he was disturbed to learn that speech-restricting clauses are finding their way into various on-line contracts, stating, "[h]onest feedback is crucial to assure consumer confidence in the online retail environment. Therefore consumers should not unknowingly or unwillingly give up this right to speak freely about their on-line retail experience." He said such clauses "go beyond an embargo on business-oriented 'trade secrets,' but instead represent and unreasonable limitation on individual freedom. AB 2365 helps to ensure that this free flow of communication occurs."

21. Shortly thereafter, on September 8, 2014, the Governor of the State of California signed into law Assembly Bill 2365, which is codified as California Civil Code section 1670.8.

**Nationwide's Unlawful Speech-Restricting Provision**

22. At all relevant times, Defendants were and currently are in the business of advertising, promoting, marketing, selling, and distributing consumer services and products through the Platforms, which Platforms are targeted to, and accessible by, the citizenry of California.

23. Defendants are well aware that their public image is vital to maintaining and gaining

customers. If the public sees content posted by users that may be insulting to Defendants, and/or any of their partners, and/or any their employees, and/or concerning any of their goods or services, then their current customers and/or prospective customers may shift to a competitor, ultimately resulting in loss of business and loss of revenue.

24. Thus, in order to maintain a positive public image, Defendants have engaged in an intentional business strategy to silence each and every customer or potential customer who visits, uses or shops on the Platforms by purporting to bind users to the Terms—immediately upon accessing their Platforms.

25. In so doing, Nationwide's Terms broadly and unambiguously prohibit users of all the Platforms from mentioning Nationwide "unless first approved in writing."

26. Moreover, Nationwide's Terms direct any user to send an inquiry regarding the above restriction to "Nationwide - Office of the Chief Legal Officer, Intellectual Property Legal Team." In other words, the Terms require a user to first obtain written approval from Nationwide's in-house legal department before posting a negative review of their products or services. This chilling activity is the precise conduct prohibited by Section 1670.8. To state what is obvious, when making "any statement" consumers are entitled to communicate to the California public by using images, logos, and brand names to make powerful statements to the California public, including a basic statement that a certain company or product is disliked:



27. Defendants have sold and continue to sell millions of individual services or products to California consumers through Defendants' Platforms.

7

28. Defendants forbid any California consumers who have purchased, will purchase, or are even considering purchasing services or products from Defendants through the Platforms from mentioning Nationwide or any of its trademarked brand names "unless first approved in writing."

29. In doing so, Defendants have and continue to engage in unlawful and unfair conduct, that is contrary to public policy and in violation of California Civil Code section 1670.8.

30. Plaintiff, and millions more similarly situated persons in the State of California, have visited the Platforms—either as consumers or potential consumers—and thus have ostensibly been subjected to the unlawful Terms.

## CLASS ACTION ALLEGATIONS

31. Plaintiff brings this class action on his own behalf and on behalf of all other similarly situated consumers in California. The proposed class is defined as follows:

> During the fullest period allowed by law, all persons residing in California who visited, used, or completed sales transactions on the Platforms ("Class").

32. Like Plaintiff, all Class members are California residents who visited, used, or completed sales transactions on the Platforms and who were subject to the Terms that limit their right as consumers to make statements regarding Defendants, their employees or agents, or concerning the goods or services.

33. Excluded from the Class are assigned judges and members of their families within the first degree of consanguinity; Defendants; and Defendants' subsidiaries, affiliates, officers, and directors.

34. **Numerosity**: The proposed Class is so numerous that individual joinder of all the members is impracticable because members of the Class number in the millions. The precise number of Class members and their identities are unknown to Plaintiff at this time but are objectively ascertainable and will be determined through appropriate discovery and other readily available means.

35. Defendants possess objective evidence as to the identity of each Class member and, to a reasonable degree of certainty, the harm suffered by each Class member, including without limitation web and mobile traffic data evidencing visits to the Platforms, sales receipts, phone

8

AMENDED CLASS ACTION COMPLAINT
No. 3:24-cv-02063-MMC

numbers, names, rewards accounts data, credit card data, customer service complaint forms/emails/date, and other evidence which objectively identifies class members.

36. Class members may be notified of the pendency of this action by mail, publication and/or through the records of Defendants.

37. **Commonality and Predominance:** There are common questions of law and fact affecting Plaintiff and Class members. Common legal and factual questions include, but are not limited to:

    a. Whether each imposition of Defendants' Terms upon members of the Class constitutes a violation of the provisions of California Civil Code section 1670.8 and, if so, whether each such violation is a "willful, intentional, or reckless" violation;

    b. Whether Defendants' Terms are unlawful, contrary to public policy, void and/or unenforceable;

    c. Whether by the misconduct set forth in this Amended Complaint, Defendants engaged and continue to engage in unfair, fraudulent, or unlawful business practices;

    d. Whether the Class is entitled to recover statutory attorney's fees;

    e. Whether Class members are entitled to civil penalties; and

    f. Whether, as a result of Defendants' misconduct alleged herein, Plaintiff and Class members are entitled to restitution, injunctive, public injunctive, and/or monetary relief and, if so, the amount and nature of such relief.

38. Defendants engaged in a common course of conduct giving rise to the legal rights sought to be enforced by Plaintiff on behalf of himself and all other class members. Individual questions, if any, pale in comparison, in both quantity and quality, to the numerous common questions that dominate this action.

39. **Typicality:** Plaintiff's claims are typical of the claims of the proposed Class because the rights of Plaintiff and Class members were violated in the same manner by the same conduct.

40. Plaintiff's claims are typical of the claims of the proposed Class because Plaintiff and Class members were injured by the same wrongful acts, practices, and omissions committed

by Defendants, as described herein. Plaintiff's claims therefore arise from the same practices or course of conduct that give rise to the claims of all Class members.

41. Plaintiff and Class members are all entitled to recover civil penalties and other relief arising out of Defendants' violations of statutory law alleged herein.

42. **Adequacy:** Plaintiff will fairly and adequately represent and protect the interests of the Class.

43. Plaintiff's interests do not conflict with the interests of the Class he seeks to represent. Plaintiff has retained counsel competent and experienced in prosecuting class actions, and Plaintiff intends to vigorously prosecute this action.

44. **Superiority:** The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Plaintiff and Class members.

45. Given the relative value of civil penalties available to any of the individual Class members, individual litigation is not practicable.

46. Individual Class members will not wish to undertake the burden and expense of individual cases.

47. In addition, individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system. Individualized ligation also presents the potential for inconsistent or contradictory judgments.

48. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

49. Questions of law and fact common to all Class members predominate over any questions affecting only individual Class members. Injuries sustained by Plaintiff and Class members flow, in each instance, from a common nucleus of operative facts as set forth above.

50. In each case, Defendants' actions caused harm to all Class members as a result of such conduct. The resolution of these central issues will be the focus of the litigation and predominate over any individual issues.

51. Proposed Class counsel possesses the knowledge, experience, reputation, ability,

skill, and resources to represent the Class and should be appointed lead counsel for the Class.

## COUNT I – VIOLATION OF CIVIL CODE SECTION 1670.8

52. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of his Complaint.

53. Defendants are in the business of selling or leasing consumer goods or services.

54. Plaintiff and Class members used, visited, or completed sales for goods or services from Defendants via the Platforms.

55. Pursuant to the Terms, Defendants told Plaintiff and the Class members that they were prohibited from mentioning Nationwide "unless first approved in writing."

56. By simply accessing or using the Platforms, Defendants purport to have charged Plaintiff and Class members with having read, understood, and agreed to be bound by the Terms.

57. By way of this restriction, Defendants intentionally, willfully, or recklessly sought to have Plaintiff and the Class members waive their right as consumers to make statements regarding Defendants, their employees or agents, and goods or services, which restriction is prohibited under California Civil Code section 1670.8 and is contrary to public policy.

58. Defendants have repeatedly violated California Civil Code section 1670.8 in relation to the Plaintiff and Class members and their respective visits, uses, or transactions on the Platforms.

59. Defendants' conduct has caused Plaintiff and Class members to suffer harm.

60. Plaintiff and Class members are entitled to restitutionary and injunctive relief, including public injunctive relief.

61. Plaintiff and Class members are also entitled to civil penalties for Defendants' violations of Civil Code 1670.8.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and the putative Class members, pray for judgment as follows:

a. Determining that this action is a proper class action and certifying the Class, as defined herein;

b. Appointing Plaintiff as Class representative;

11

|   |   |   |
|---|---|---|
| 1 | c. | Appointing the undersigned as Class counsel; |
| 2 | d. | Finding Defendants liable to Plaintiff and Class members for damages in such |
| 3 | amount(s) as the Court or Jury may determine; | |
| 4 | e. | Awarding civil penalties to Plaintiff and Class members as appropriate; |
| 5 | f. | Awarding pre- and post-judgment interest; |
| 6 | g. | Awarding injunctive relief, including public injunctive relief, as claimed herein or |
| 7 | as the Court may deem proper; | |
| 8 | h. | Awarding Plaintiff, Class members attorney fees and all litigation costs as allowed |
| 9 | by law; and | |
| 10 | i. | Awarding such other and further relief as may be just and proper. |

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: June 28, 2024

Respectfully submitted,

/s/ *Robert Ahdoot*
Robert Ahdoot (SBN 172098)
rahdoot@ahdootwolfson.com
Tina Wolfson (SBN 174806)
twolfson@ahdootwolfson.com
Christopher E. Stiner (SBN 276033)
cstiner@ahdootwolfson.com
Deborah De Villa (SBN 312564)
ddevilla@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
2600 W. Olive Avenue, Suite 500
Burbank, CA 91505
Telephone: (310) 474-9111
Facsimile: (310) 474-8585

*Attorneys for Plaintiff and the Proposed Class*